# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MARIA WARD, *et al.*,<br><br>    Defendants. | Case No. 3:21-CV-0361-MMD-CLB<br><br>**ORDER GRANTING, IN PART, MOTION FOR INTERPRETER AND DENYING MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 3] |

Before the court is Plaintiff Alejandro Sanchez's ("Sanchez") motion for an interpreter or, in the alternative, appointment of counsel. (ECF No. 3). In the motion, Sanchez claims not to comprehend "fluent English" and thus relies on the help of other "jail house lawyers" who are fluent in English and Spanish. (*Id.*)

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties faced by every litigant proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Exceptional circumstances do not exist in this instance. Sanchez's case is limited to an Eighth Amendment failure to protect claim and a First Amendment retaliation claim against four Defendants. (ECF No. 4.) Sanchez alleges a claim for failure to protect against Defendants related to an alleged sexual assault and a claim for retaliation related grievances filed thereafter related to the matter. (*Id.*) These claims do not involve complex issues, nor will they require expert assistance to understand.

Moreover, throughout the pendency of this action, Sanchez has demonstrated that the ability to articulate claims to the Court. While Sanchez claims not to be able to speak "fluent English," this is unexceptional compared to many prisoner civil rights cases. Because Sanchez has not demonstrated exceptional circumstances, the court **DENIES** the motion for appointment of counsel. (ECF No. 3).

Sanchez's motion for an interpreter is **GRANTED** for the limited purpose of mediation only. (ECF No. 3.)

**DATED**: March 24, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**